[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a memorandum of decision dated December 6, 1990 the court granted the defendants' motion for summary judgment as to all remaining counts of the complaint except Count Five, which claimed a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes 42-110b(a) CT Page 4215 et seq. Summary judgment was denied on this count on the theory that even though the listing agreement in question did not comply with the requirements of General Statutes20-325a(b) concerning listing agreements for real estate brokers, a factual issue existed as to liability for a CUTPA violation.
On May 7, 1991 our Supreme Court decided McCutcheon Barr v. Berman, 218 Conn. 512, 530, ___ A.2d ___ (1991), which held as to a similar CUTPA claim that "[b]ecause the listing agreement did not comply with 20-325a(b), the defendants were legally entitled to refuse to pay a commission and their reliance on the statute cannot translate into a CUTPA violation."
Therefore, it is apparent that summary judgment should now enter in favor of the defendants with respect to Count Five of the complaint on the authority of the McCutcheon case, which holds clearly that an "end run" around General Statutes 20-325a(b) by invoking a CUTPA claim is not permitted. Id., 530. Accordingly defendants' motion for summary judgment (#135) is granted.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-ninth day of May, 1991.
W. B. LEWIS, JUDGE